UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES McCLUNG,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA BOARD OF STATE AND COMMUNITY CORRECTIONS, et al.,<br><br>Defendants. | No. 2:22-cv-01740 TLN DB P<br><br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated plaintiff's substantive and procedural due process rights. Presently before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 9).

For the reasons set forth below, the complaint will be dismissed with plaintiff given the opportunity to file an amended complaint. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) will be granted and

////

////

////

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted two motions to proceed in forma pauperis. (ECF Nos. 2, 9.) Plaintiff's second motion has been updated to reflect plaintiff's current status and that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 9.) Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 9) will be granted. Plaintiff's initial request (ECF No. 2) will be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

1  pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of
2  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
3  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
4  the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.
5  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
6        However, in order to survive dismissal for failure to state a claim a complaint must
7  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
8  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
9  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
10 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
11 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
12 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

17 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
18 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
19 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A
20 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
21 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
22 an act which he is legally required to do that causes the deprivation of which complaint is made."
23 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
24       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
25 their employees under a theory of respondeat superior and, therefore, when a named defendant
26 holds a supervisorial position, the causal link between him and the claimed constitutional
27 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
28 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations in the Complaint

Plaintiff states that, at all relevant times, he was an inmate at the Placer County Jail. (ECF No. 1 at 1.) Plaintiff names as defendants the California Board of State and Community Corrections, South Placer Jail, and Placer County.

The factual allegations in plaintiff's complaint largely take the form of a series of grievances regarding jail conditions. These include the following allegations: inmates are confined to a cell on lockdown nineteen and a half hours per day and certain amenities such as phone access are not available during lockdown. (Id. at 4, 7.) Programming reduces lockdown time but there is limited programming available. (Id.) Sometimes, inmates are on lockdown for over twenty-four hours. (Id.) Inmates are on two schedules which alternate lockdown times. (Id. at 12-15.) Inmates are woken up for medications at 3:45am, breakfast at 5:00am, and welfare check at 7:00am. (Id. at 5, 8.) "The amounts, and types, of protein served was significantly deficient" though this improved after complaints. (Id. at 6, 9.) "In violation of state legislature, SPJ does not provide one hour of free remote video visitation per week." (Id. at 10-11.)

Plaintiff seeks for there to be an investigation into "each of the issues raised in this complaint" in addition to other broad requested relief. (Id. at 16.)

## IV.     Does Plaintiff State a Claim under § 1983?

The complaint is focused on two claims: a substantive due process claim and a procedural due process claim. While plaintiff separates out each factual allegation into different "claims", plaintiff's claims fall into these two broad categories. (See ECF No. 1 at 4-15.)

To state a substantive due process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). In this regard, substantive due process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

4

"[W]here a particular [A]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (citations and internal quotation marks omitted).

Here, plaintiff brings substantive due process claims but plaintiff's complaints largely concern the conditions of his confinement. Such claims should be brought under the Eighth Amendment as the Supreme Court has specified that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) (citing Graham v. Connor, 490 U.S. 386, 394 (1989); Lewis, 523 U.S. at 842. For purposes of stating a conditions of confinement claim, plaintiff has alleged insufficient facts as he has failed to establish deliberate indifference by the defendants. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To state a procedural due process claim, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)). Under the facts alleged, plaintiff has not established that he suffered restraints outside the normal incidents of prison life. Confinement to a cell, limitations on recreational time, and other restrictions are a reality of prison life.

However, it is possible that plaintiff may be able to state a claim given the opportunity to file an amended complaint. Accordingly, plaintiff's complaint will be dismissed with leave to amend for failure to state a claim.

////

## AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to allege sufficient facts to state a claim. Plaintiff will be given leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.
4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 4, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/mccl1740.scrn_lta