Bradley James McClung
**Name and Prisoner/Booking Number**

Wasco State Prison
**Place of Confinement**

P.O. Box 5500
**Mailing Address**

Wasco, CA 93280
**City, State, Zip Code**

FILED

JUN 01 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADLEY JAMES McCLUNG
(Full Name of Plaintiff)
                                Plaintiff,

v.

(1) CALIFORNIA BOARD OF STATE AND COMMUNITY CORRECTIONS MEMBERS: DOES 1-13,
(Full Name of Defendant)

(2) PLACER COUNTY

(3) SOUTH PLACER JAIL

(4) PLACER COUNTY JAIL
                                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1740 TLN DB (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: South Placer Jail / Roseville
   Placer County Jail / Auburn

## B. DEFENDANTS

1. Name of first Defendant: **CALIFORNIA BOARD OF STATE AND COMMUNITY CORRECTIONS MEMBERS: DOES 1-13**. The first Defendant is employed as: **DOES 1-13 in their official capacity** (Position and Title) at **(CBSCC)** (Institution).

2. Name of second Defendant: **PLACER COUNTY**. The second Defendant is employed as: **A Municiple Organization** (Position and Title) at **A California county** (Institution).

3. Name of third Defendant: **SOUTH PLACER JAIL**. The third Defendant is employed as: **A County jail** (Position and Title) at **Placer County** (Institution).

4. Name of fourth Defendant: **PLACER COUNTY JAIL**. The fourth Defendant is employed as: **A County jail** (Position and Title) at **Placer County** (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? **7**. Describe the previous lawsuits:

   a. First prior lawsuit:
   1. Parties: **Bradley James McClung** v. **Placer Co. Sheriff's Office**
   2. Court and case number: **Superior Court of CA-Placer 62-184246/62-184544/62-185347**
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Petition denied**

   b. Second prior lawsuit:
   1. Parties: **Bradley James McClung** v. **Superior Court of California, County of Placer**
   2. Court and case number: **Superior Court of CA-Placer 62-185347**
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Petition denied**

   c. Third prior lawsuit:
   1. Parties: **Bradley James McClung** v. **Placer County Sheriff's Office**
   2. Court and case number: **Superior Court of CA-Placer W-HC-001801**
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Petition denied**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

1. d. Fourth prior lawsuit:
2.    1. Bradley James McClung v. Placer County Sheriff's Office, Wellpath
3.    2. Superior Court of CA-Placer   62-185347/62-184146/62-184544
4.    3. Petition denied.
5. e. Fifth prior lawsuit:
6.    1. Bradley J. McClung v. Devon Bell, Sheriff, Placer County
7.    2. Superior Court of CA-Placer   62-184544/62-184146/62-185347
8.    3. Petition denied.
9. f. Sixth prior lawsuit:
10.    1. In re Bradley James McClung on Habeas Corpus
11.    2. Court of Appeal of the State of California   C096843
12.    3. Petition denied.
13. g. Seventh prior lawsuit:
14.    1. Bradley James McClung v. Placer County Superior Court
15.    2. Superior Court of CA-Placer   62-185347/62-184544/62-184146
16.    3. Petition denied.

2-A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _The 14th Amendment; a deprivation of liberty and life without due process of law._

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _Out-of-cell time_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _South Placer Jail ("SPJ") detained me for California Superior Court criminal proceedings from 5-8-2022 to 10-20-2022. DOES 1-13 (collectively "The CBSCC") are the 13 members of the California Board of State and Community Corrections. The CBSCC are responsible for the "Minimum Standards for Local Detention Facilities" (see California Code of Regulations, Title 15, Division 1, Chapter 1, Subchapter 4 — AKA "Title 15"). The CBSCC are also responsible for the minimum training requirements of SPJ corrections personell. At all times I was a pre-trial detainee._
   _Policies and practices, and/or failures to implement policies and practices, by SPJ, The CBSCC, or both, resulted in the deprivations of my rights, and injuries, as detailed herein. Virtually 19.5 hours of each day — or more — of my detention at SPJ consisted of being locked inside a 6'x12' cell, reduced in size by standard furnishings, and compounded by being shared occupancy with one other inmate. Once the cell door shuts and locks the punishment ensues. I don't believe that consultation with those that have not subjectively experienced cell-confinement can describe the physical injury, mental distress nor loss of liberty accurately. The situation is draconian: another man encroaches on my sense of personal boundaries._ (Continued on 3-A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). _Decline in physical fitness, body aches, atrophy of muscles, muscle cramps, restriction of movement, sensory deprivation, loss of liberty in general, deprivation of social interaction, coercion to plead "guilty" or "no contest" in criminal case, poor quality of life, restlessness, malcontentment, depression, general distress and anxiety, mood swings, and deprivation of privacy. Physical injury, loss of liberty, psychological distress._

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1  there is no place to comfortably sit, my bowel movements
2  have no secrecy.
3     It's not an assumption to state that SPJ considers poor
4  conditions of living as a punishment — the rule-book states as
5  much. Supreme Court opinions regarding similar types of pre-
6  -trial imprisonment housing only allow for inmates to be con-
7  fined to their cells for the night to sleep, or in emergency. I sug-
8  gest that any less than 16 hours out-of-cell time is punishment.
9  I believe that any average-intelligence adult knows that locking two people in-
10 to a small bathroom for 19.5 hours per day is harmful. Imagine locking
11 the dog in a bathroom at 10pm each night. Every day after work — at 5:30pm —
12 it is let back out until 10pm. What do you expect of the dog's well-being?
13 SPJ had plenty of opportunity to provide me with much more time out-of-cell.
14 The dayroom — where time is typically spent out-of-cell — sat empty, yet
15 still manned by a C.O., for several hours each day. Education and
16 multi-purpose rooms likewise sat vacant. Where is the line drawn
17 between "safety and security" and outright apathy? When is
18 punishment dressed up as institutional security?
19 My complaints about lack of out-of-cell time were largely met with
20 assertions that "Title 15" standards were being met. However, at
21 that time The CBSCC hadn't created minimum policies explicitly
22 meting out-of-cell time. I venture to claim that they didn't
23 train employees about that human need either.
24 I have done my best to articulate the injuries I suffered in
25 the "injury" section. However, an expert on physiology, psychology,
26 and law may be useful to clarify and expand on those harms.
27 It is likely that I'll return to SPJ, one day, for resentencing proceedings. END
28     CLAIM I - Supporting Facts — 3-A — (continued).

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>The 14th Amendment; a deprivation of liberty and life without due process of law</u>.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Sleep</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SPJ and Placer County Jail ("PCJ"), jointly, at different dates, detained me for California Superior Court criminal proceedings from 5-8-2022 to 12-28-2022. DOES 1-13 (collectively "The CBSCC") are responsible for making policy and inspection of facility compliance. The CBSCC are responsible for the training requirements of SPJ and PCJ ("SPJ/PCJ") corrections personell. I was a pre-trial detainee from 5-8-2022 to 12-14-2022.
   Policies and practices, and/or failures to implement policies and practices by SPJ/PCJ, The CBSCC, or some combination thereof, resulted in the deprivations of my rights, and injuries, as detailed herein. SPJ/PCJ woke me up daily around 4:00AM for medication and again at 5:00AM for breakfast. As a result, I was limited to a maximum of about five hours of sleep per night due ⓘ. That quantity of sleep caused me to experience the agonizing effects of sleep deprivation; a set of various physical and mental ailments listed in the "injury" section.
   I believe that it is common knowledge that adults require 7-8 hours of sleep at night. The CBSCC have a duty to be educated on the various physiologic and psychologic needs of humans in order to establish policies that appropriately support those needs for inmates in SPJ/PCJ. The Title 15, at the time, did not define policies requiring adequate sleep.
   I submitted grievances, while at SPJ, explaining my experiences of sleep deprivation. The responses demonstrated indifference and callousness toward my needs; I was told that I could purchase earplugs; I was questioned about whether the jail should continue to provide (Continued on 4A).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Light-headedness, impaired coordination, tiredness/lethargy, sleep deprivation, damaged appearance at trial, coercion to plead "guilty" or "no contest", poor quality of life, malcontentment, irregular sleep patterns, memory loss, impaired cognition, physical injury, loss of liberty, psychological distress, poor judgement.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

medications and breakfast. The third level, and final, response to the complaint wasn't even unique — a generic response that claimed that my grievance had already been responded to at the first two levels.

It is likely that I'll return to SPJ, one day, for resentencing proceedings. END

Claim II, Supporting Facts — 4-A- (continued).

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: The 14th Amendment; a deprivation of liberty and life without due process of law.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Food/Diet

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SPJ and PCJ, jointly, at different dates, detained me for California Superior Court criminal proceedings from 5-8-2022 to 12-22-2022. DOES 1-13 (collectively "The CBSCC") are responsible for making policy and inspection of facility compliance. The CBSCC are responsible for the training requirements of SPJ/PCJ corrections personnell. I was a pre-trial detainee from 5-8-2022 to 12-14-2022. Policies and practices, and/or failures to implement policies and practices by SPJ/PCJ, The CBSCC, or some combination thereof, resulted in the deprivations of my rights, and injuries, as detailed herein. SPJ/PCJ utilize the same supplies for meals. The menus for both facilities are identical. The diet I was served throughout my incarceration was nutritionally deficient as described herein.
   Initially, I realized that I was hungry more often than usual - despite the fact that I was eating all of the food being served to me. I analyzed the menu and compared it to the food that was actually being served - the two didn't match. I submitted a grievance detailing several deficiencies. SPJ personell claimed that I was referring to the wrong menu and facts. SPJ personell claimed to have provided me with an updated menu - they did not. However, the meals being served improved almost overnight; notably, the types and amount of protein in the diet improved. (continued on 5-A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Muscular atrophy, body aches, weight gain (fat), hunger, damaged appearance at trial, coercion to plead "guilty" or "no contest", poor quality of life, malcontentment, mood swings, exacerbation of depression, inability to focus, general distress and anxiety, physical injury, loss of liberty, Psychological distress.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

1. after conducting more research, using nutritional information and
2. menus provided by SPJ/PCJ. I determined that the amount of certain
3. required proteins was falling short of standards set by the CBSCC.
4. I relayed detailed information, via a 10/14/2022 grievance, explaining exactly
5. how the menu was protein deficient; as much as the 1,500 character limited
6. grievance form allowed - enough to showcase one week of the menu.
7. I was told that my concerns had already been addressed. That was not possible -
8. it was a uniquely written complaint. The response by PCJ claimed that if there
9. were deficiencies they would be addressed. However, the deficiencies were
10. never righted. The CBSCC should have uncovered the diet deficiencies in
11. the course of their inspections of SPJ/PCJ and then corrected them - that
12. had not happened.
13. Throughout my incarceration I felt intense cravings for certain types of foods: nuts,
14. eggs, meats, and beans in particular. I was not able to afford enough of
15. these items from the commissary to adequately supplement my diet. However,
16. I was able to use instances when I did make those purchases as a means to perform
17. a comparison about how my body felt and how my moods and emotions reacted.
18. I suggested ways to reduce commissary costs and provide a better variety, but
19. SPJ was more focused on asserting their use of a legal loop-hole that
20. allows a third-party vendor to control the commissary than my desires.
21. There is a strong likelihood I'll return to SPJ/PCJ for resentencing
22. proceedings in the future. END
23.
24.
25.
26.
27.
28. Claim III Supporting Facts   — 5-A —   (continued).

# CLAIM IV

1. The 14th Amendment; a deprivation of liberty and life without due process of law.

2. Claim IV issue: Visiting.

3. Supporting Facts: I was a pretrial inmate at SPJ from 5/8/22 to 10/20/22. State law and regulations provide inmates incarcerated at SPJ one free hour of remote visiting each week. SPJ has a policy of charging money to visitors for all remote visiting. Due to SPJ's policy I was deprived of visits from people who could not, or would not, pay the fee. I complained to SPJ, via the grievance process, pointing out applicable laws and regulations. My complaint was met with apathy. I was not provided with any free remote visits during my detention there. SPJ could have provided free remote visits.

4. Injury: Deprivation of social interaction with friends and family (a liberty), Irritability (quality of life), coercion to plead "guilty" or "no contest," deprivation of statuatory rights, deprivation of entertainment, psychological distress.

5. Administrative Remedies: a. Yes  b. Yes  c. Yes     END

CLAIM IV          -5-B-

## CLAIM V

1. The 14th Amendment; a deprivation of liberty and life without due process of law.
2. Claim V issue: Continuous Cell Confinement
3. Supporting Facts: South Placer Jail ("SPJ") detained me for California Superior Court criminal proceedings from 5-8-2022 to 10-20-2022. DOES 1-13 (collectively "The CBSCC") are responsible for minimum standards for SPJ and for the minimum training requirements of SPJ corrections personell. Policies and practices, and/or failures to implement policies and practices, by SPJ, The CBSCC, or both, resulted in the deprivations of my rights, and injuries, as detailed herein. I was a pre-trial detainee at all times at SPJ.

SPJ was in the habit of confining me to a cell for extended continuous periods of time. Periods in excess of 24 hours without substantial time out of the cell for exercise or recreation. Instances of continuous confinement, in excess of 24 hours, occured roughly once per week.

Being confined to a cell - for any length of time - is a very uncomfortable situation (see CLAIM I, pg. 3, incorporated by reference). To illustrate this predicament: the cell is a 6'x12' room, reduced further in size by its furnishings, and compounded by shared occupancy with one other inmate. Analagous to living in a small bathroom with another person and not being able to exit for periods of 24, 36, even 42 hours. A very poor way to treat a human.

The CBSCC had not established any policies defining minimum out-of-cell time. It's obvious that corrections staff had not received training of the harms caused by excessive continuous in-cell confinement periods. (Continued on 5-D)

CLAIM V                    -5-C-

The injuries, that I can articulate, will be listed in the "injury" section. "Claim I" also details some of the same harms; "Claim I" dealing with being locked in a cell too much each day — this claime being locked in a cell for too long at a time. Only an expert in physiology, psychology and law will be able to fully articulate the injuries done by this sort of confinement. Length of continuous confinement in a cell places more of an emphasis on the injury of sensory deprivation. Sensory deprivation is a form of torture in which the victim is withheld from stimuli — fully or partially. The severity of the torture increasing as time passes and to the degree that stimuli is withheld. The harm coming in the forms of psychological distress and loss of liberty.

The excessive periods of cell confinement could have been prevented. The dayroom area, during those times, was not in use; unoccupied but still manned by a correctional officer.

My complaints of excessive cell confinement periods were responded to with assurances by SPJ that all standards were being complied with. Also, pointing the Anger at institutional, "safety and security," needs.

4. Injury: Sensory deprivation (a physical harm, a loss of liberty, and a psychological harm), Decline in physical fitness, body aches, atrophy of muscles, muscle cramps, restriction of movement, loss of liberty in general, deprivation of social interaction, coercion to plead "guilty" or "no contest" in criminal case, poor quality of life, restlessness, malcontentment, depression, general distress and anxiety, mood swings, deprivation of privacy, physical injury, loss of liberty, and psychological distress.

5. Administrative Remedies: a. Yes  b. Yes  c. Yes

END.

CLAIM V (continued)        — 5-D —

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Investigation into my claims. Injunctive relief, as appropriate, to prevent physical harm, deprivation of rights, and psychological distress to local corrections detainees, or myself, in the future. Declatory relief. Punitive and nominal damages, as appropriate. Reimbursement for my costs associated with this action. Any relief deemed just and equitable by this Court

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/27/2023
          DATE                                        SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6