BRADLEY J. MCCLUNG / BU-8378
Name and Prisoner/Booking Number

California Medical Facility
Place of Confinement

P.O. Box 2500
Mailing Address

Vacaville, CA, 95696-2500
City, State, Zip Code

FILED
Aug 29, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADLEY JAMES MCCLUNG,
(Full Name of Plaintiff)
Plaintiff,

v.

(1) PLACER COUNTY,
(Full Name of Defendant)

(2) AND OTHERS,

(3) _____,

(4) _____,
Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-01740-TLN-DB
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

JURY TRIAL DEMANDED

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: South Placer Jail/Roseville, CA; and Placer County Jail/Auburn, CA.

1    B. DEFENDANTS (Continued)
2  (2) DOES 1 through 13. These are the 13 members of the California
3   Board of State and Community Corrections as defined by Cal. Pen. Code §6025. They
4   are sued in their official and individual capacities.
5  (3) Sheriff Devin Bell. The Sheriff is an elected official in Placer County.
6  (4) "Powers". Powers is employed as a Jail Commander in Placer County.
7  (5) "Sgt. Blair." Mr. Blair is employed at SPJ.
8  (6) "Sgt. Winkler." Mr. Winkler is employed at SPJ.
9  (7) "Deputy T. Bender." Mr. Bender is employed by Placer County.
10 (8) "jscofield". Mr. Scofield is employed by Placer County.
11 (9) "JFarren." Mr. Farren is employed by Placer County.
12 (10) Dietician. The Dietician is employed by Placer County.
13 All defendants are sued in their official and individual capacities
14 as allowed by the practice and procedure of 42 U.S.C. §1983.

1-A

## B. DEFENDANTS

1. Name of first Defendant: **PLACER COUNTY**. The first Defendant is employed as: **A COUNTY** (Position and Title) at **CALIFORNIA** (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ at _____
   (Position and Title)                                (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____
   (Position and Title)                                (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____
   (Position and Title)                                (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? **7**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Bradley J. McClung** v. **Placer Co. Sheriff Dept.**
      2. Court and case number: **Placer Co. Superior Court, 62-184146/62-184544/62-185347**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Petition for writ of habeas corpus denied**

   b. Second prior lawsuit:
      1. Parties: **Bradley J. McClung** v. **Superior Court of California County of Placer**
      2. Court and case number: **62-185347, Placer Co. Superior Court**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Petition for writ of habeas corpus denied**

   c. Third prior lawsuit:
      1. Parties: **Bradley J. McClung** v. **Placer County Sheriff's Office**
      2. Court and case number: **Placer Co. Superior Court, WHC-001801**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Ruling on the merits: petition for writ of habeas corpus denied**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## C. PREVIOUS LAWSUITS

d. Fourth prior lawsuit:
 1. Parties: Bradley J. McClung v. Placer Co. Sheriff's Office, Wellpath.
 2. Court and case number: Placer Co. Superior Court, 62-185347/62-184146/62-184544.
 3. Result: Petition for writ of habeas corpus denied.

e. Fifth prior lawsuit:
 1. Parties: Bradley J. McClung v. Devon Bell, Sheriff, Placer County.
 2. Court and case number: Placer Co. Superior Court, 62-184544/62-184146/62-185347.
 3. Result: Petition for writ of habeas corpus denied.

f. Sixth prior lawsuit:
 1. Parties: In Re Bradley James McClung.
 2. Court and case number: Court of Appeal of the State of California, Third Appellate District, C096843.
 3. Result: Petition for writ of habeas corpus denied.

g. Seventh prior lawsuit:
 1. Parties: Bradley J. McClung v. Placer Co. Superior Court.
 2. Court and case number: Placer Co. Superior Court, 62-185347/62-184544/62-184146.
 3. Result: Petition for writ of habeas corpus denied.

2-A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>The right to be free from the infliction of punishment, as a pretrial detainee, under the Fourteenth Amendment</u>.

2. **Claim I.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Cell confinement duration, daily</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) At the time that the following events occurred I was a U.S. citizen, a resident of Placer County, California, and awaiting criminal trial in the superior court of the state of California. Defendants acted under color of state law.

   2.) Placer County and Does 1-13 operate the South Placer Jail (SPJ), jointly, in furtherance of California's criminal justice efforts. At all times indicated by this Claim I was housed at SPJ.

   3.) Does 1-13 are responsible for "establishing, and reviewing, Minimum Standards for Local Detention Facilities," as specified by Cal. Pen. Code §6030; SPJ is subjected to those standards.

   4.) Placer County and Does 1-13 are tasked with performing regular investigations of — and reporting — health conditions within local detention facilities according to Cal. Pen. Code §6031.1 and Cal. Health & Safety Code §101045.

   Deficient Policies: Duration of Daily lockdown (time spent in a cell):

   5.) At SPJ, the cells in which I spent lockdown periods measure 12' x 6'. Open floor space is about half that due to furnishings. It is impossible to walk more than three steps and was difficult for me to identify adequate space to do floor exercises like push-ups. Myself and another inmate were crammed into one of these cells 90% of the time I spent at SPJ.

   (Continued on page 3-A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   15.) Deprivation of rights, sensory deprivation, bodily pain and suffering, loss of health, and mental and emotional distress.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1  (CLAIM I continued)
2  6.) While on "lockdown" (meaning locked inside of a cell) there was no access
3     to stimulating activities that are otherwise available: telephones, visiting terminals,
4     information/ordering kiosks, smart tablets, exercise equipment, communal activities;
5     nor was there access to comfortable seating or showers.
6  7.) From 5/8/2022 through 5/22/2022 I was scheduled to be on lockdown
7     for 47.5 hours of every two days.
8  8.) From 5/23/2022 through 6/1/2022 I was scheduled to be on lockdown 23 hours per day.
9  9.) From 6/2/2022 through 10/20/2022 I was scheduled to be on lockdown 19.5 hours per day.
10 10.) Additionally, there were frequent periods of unremitting lockdown exceeding
11    24 hours, despite the schedule — even up to 82 hours. Typically, those "extra"
12    lockdowns were in the neighborhood of 35 hours.
13 Attitudes in Response to Complaints About Lockdown:
14 11.) The SPJ rulebook, which bears the name of Placer County and Sheriff Devin Bell, makes a
15    statement that indicates an understanding that living conditions can amount to punishment:
16    failure to abide by the rules will result in less desirable living conditions.
17 12.) There was opportunity to provide more out-of-cell time. Each day the dayroom and exercise
18    yard sat empty yet correctional staff remained present at their stations.
19 13.) I submitted grievances on 5/30/22, 6/26/22, 7/8/22, 7/12/22, 8/27/22, 9/4/22, 9/14/22 and 9/25/22
20    in attempts to help SPJ administration to understand that I was being harmed as a
21    result of spending too much time in the cell.
22 14.) Defendants Blair, Sgt. Winkler and Powers responded in agreement
23    to my complaints claiming that "Title 15" (Cal. Code of Regulations) standards were
24    being met. However, there were no "Title 15" standards regarding the
25    number of hours that an inmate could be locked-down each day.
26
27
28              3-A

## CLAIM II

1. State the constitutional or other federal civil right that was violated: The right to be free from the infliction of punishment, as a pretrial detainee, under the Fourteenth Amendment.

2. **Claim II.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Sleep

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   16.) Incorporated with this Claim are paragraphs "1.)" through "4.)"; in the places where SPJ is named Placer County Jail (PCJ) is named in addition for the purpose of this Claim.
   Deficient Policies: Wake-up Times:
   17.) I was awakened daily around 4:00 A.M., along with all of the other inmates in my housing unit, for medication; this occurred from 5/8/2022 through 12/14/2022.
   18.) The medication I take doesn't require being taken during the night. I normally take it between 7:30 A.M. and 11:30 A.M. The fact is that whether or not a person takes medication they were being awakened at 4:00 A.M. for "pill pass".
   19.) I either remained awake or was re-awakened for breakfast around 5:00 A.M.
   20.) Given the above, I was only able to sleep about five hours per night. I believe it is common knowledge that adults require seven to eight hours of sleep per night; especially when making life-changing decisions with counsel and at court hearings during the day.
   Attitudes in Response to Complaints About Sleep Deprivation:
   21.) Deputy T. Bender indicated that it would be a problem to stop providing medication and breakfast—rather than considering changing the timing of these services. "Scofield" and "Powers" agreed with him.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   22.) Deprivation of rights, diminished quality of life, bodily pain and suffering, lethargy, cognitive impairment, mental and emotional distress, hormone dysfunction (circadian rythm).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: The right to be free from the infliction of punishment, as a pretrial detainee, under the Fourteenth Amendment.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☒ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

23.) Incorporated in this Claim is the statement made in paragraph "16".
Deficient Policies: Menus and Nutrition:
24.) At both SPJ and PCJ - they use the same meal plan - I was fed a nutritionally deficient diet over the span of 5/8/2022 and 12/14/2022.
25.) On 9/7/2022 I submitted grievances regarding the nutritional content of the meals. In response, the meals improved, but not enough.
26.) I submitted further grievances on 8/15/2022, 8/28/2022, 9/1/2022, 9/8/2022, 9/28/2022, 10/8/2022, 10/9/2022 and 10/14/2022 detailing the deficiencies of the food service. Ultimately, the response was that a dietician had it all under control, by J Farren and Powers. According to my calculations, and my level of hunger, the diet lacked specifically protein - especially during a certain week each cycle.
Attitudes in Response to Complaints about the Diet:
27.) Although I spent a lot of time and energy calculating and explaining the deficiencies of protein, nothing was done. Powers, the top-level authority, responded to every grievance with the same response: that he agreed with the previous responses. I don't believe that the administrators took my claim serious enough to even check the math.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
28.) Deprivation of rights; hunger pains, low-energy, body-aches, diminished quality of life, mental and emotional distress.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## CLAIM IV

1. Constitutional right that was violated: The right to be free from the infliction of punishment, as a pretrial detainee, under the Fourteenth Amendment.

2. Claim IV. Issue involved: Privilege deprivation.

3. Supporting facts:

29.) Incorporated with this claim are paragraphs "1.)" through "4.)".

Liberty Interest Deprivation:

30.) California Code of Regulations, Title 15 §1062(g) and Cal. Pen. Code §4032 state that, "If a local detention facility offered video visitation only as of Jan. 1, 2017, the first hour of remote video visitation per week shall be offered free of charge."

31.) SPJ only offered video visiting for the entirety of my stay — 5/8/2022 to 10/20/2022.

32.) SPJ did not provide a free hour of remote video visitation per week.

33.) I submitted a grievance on 6/3/2022 informing the SPJ administration that they were violating the law in regards to remote video visiting. Sgt. Winkler responded by explaining the schedule and that free visitation was only for visitors who came on-site (which is not remote); The definition of "remote" is off-site. Sgt. Blair and Powers concurred with Sgt. Winkler.

Deficient Policy: Charging Money for First Hour of Remote Visits.

34.) SPJ Policy charges visitors money for all remote visits. SPJ failed to provide me with a method to use my free hour of remote video visitation per week.

35.) The most popular times for visiting — remote or on-site — are only available as paid remote visits. Likely an effort to maximize profits from video visits.

5-A

## CLAIM IV (continued)

4. Injury: Deprivation of rights, deprivation of privileges.
5. Administrative Remedies:
   a. Administrative remedies available at SPJ?  Yes
   b. Did I submit a request for administrative relief for Claim IV?  Yes
   c. Did I appeal that request to the highest level?  Yes
   d. N/A

5-B

## E. REQUEST FOR RELIEF

State the relief you are seeking:

A declaration that the acts and omissions described herein violated my rights under the Constitution along with nominal damages. Compensatory and Punitive damages against applicable defendants in amounts to be determined. A jury trial on all eligible issues. My costs in this suit. Any additional relief this court deems just, proper, and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29th, 2023
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.