UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES McCLUNG, | No. 2:22-cv-01740 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA BOARD OF STATE AND COMMUNITY CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights by failing to provide adequate food, sleep, outdoor exercise, and free video visitation. Presently before the court is plaintiff's motion to appoint counsel (ECF No. 17) and his second amended complaint[1] for screening (ECF No. 23). For the reasons set forth below, the court will deny the motion to appoint counsel and dismiss the complaint with leave to amend.

////

////

---

[1] By order dated April 5, 2023, the undersigned screened and dismissed the original complaint for failure to state a claim. (ECF No. 11.) Plaintiff filed a first amended complaint that was entered on the docket on June 1, 2023. (ECF No. 18.) Shortly thereafter, plaintiff filed a motion to amend the complaint. (ECF No. 19.) The undersigned granted the motion to amend and directed plaintiff to file an amended complaint within thirty days. (ECF No. 22.) Plaintiff filed the second amended complaint, and it was entered on the docket on August 29, 2023. (ECF No. 23.)

**SCREENING**

I.     **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations in the Complaint

Plaintiff states that the events giving rise to his claim occurred while he was incarcerated at the South Placer Jail[2] ("SPJ") in Roseville, California.  (ECF No. 23 at 1.)  Plaintiff names as defendants (1) Placer County; (2) Members of the California Board of State and Community Corrections; (3) Seriff Devin Bell; (4) jail commander Powers; (5) SPJ, Sergeant Blair; (6) SPJ sergeant Winkler; (7) Placer County Deputy T. Bender; (8) Placer County employee Mr. Scofield; (9) Placer County employee Mr. Farren; and an unidentified dietician employed by Placer County.  (Id. at 1-2.)  Plaintiff states that he was a pretrial detainee at all relevant times.  (Id. at 5.)

Plaintiff alleges that he was confined to his cell ninety percent of the time.  (Id.)  He further states that there was not enough space in his cell for him to take more than three steps or

---

[2] Plaintiff states the events giving rise to the claim also occurred at the Placer County Jail in Auburn, California.  (ECF No. 23 at 5.)  However, plaintiff also states that at all relevant times he was incarcerated at South Placer Jail.  (Id.)

do floor exercises such as pushups. He states that while on "lockdown" inmates do not have access to "telephones, visiting terminals, information/ordering kiosks, smart tablets, exercise equipment, communal activities . . . comfortable seating[,] or showers." (Id. at 6.) He further states he was scheduled to be on lockdown "for 47.5 hours of every two days" from May 8, 2022 through May 22, 2022. (Id.) He further states he was scheduled to be on lockdown 23 hours per day from May 23, 2022 through June 1, 2022 and for 19.5 hours per day from June 2, 2022 through October 20, 2022. (Id.) Plaintiff states there were also frequent periods of "unremitting lockdown exceeding 24 hours, usually "in the neighborhood of 35 hours." (Id.)

Plaintiff states he submitted grievances on May 30, 2022, June 26, 2022, July 8, 2022, August 27, 2022, September 4, 2022, September 14, 2022, and September 25, 2022, alerting SJP staff that he "was being harmed as a result of spending too much time in the cell." (Id.) Plaintiff alleges defendants Blair, Winkler, and Powers responded to his complaints by stating that the standards set forth in California Code of Regulations, Title 15 were being met. Plaintiff claims that "there were not 'Title 15' standards regarding the number of hours that an inmate could be locked-down each day." (Id.)

Plaintiff alleges he and the other inmates in his housing unit, were awakened daily around 4:00 a.m. for distribution of medication. (Id. at 7.) He states the medication he takes does not need to be taken at night and he normally takes it between 7:30 and 11:30 a.m. (Id.) Plaintiff states he would either remain awake or he would be awoken again for breakfast at 5:00 a.m. (Id.) He states that because of this schedule he was only able to sleep approximately five hours per night. He notes "it is common knowledge that adults require seven to eight hours of sleep per night; especially when making life-changing decisions with counsel and at court hearings during the day." (Id.) Plaintiff states Deputy Bender advised "that it would be problem to stop providing medication and breakfast rather than considering changing the timing of those services" and Scofield and Powers agreed with him.

Plaintiff alleges he was given a nutritionally deficient diet from May 8, 2022 through December 14, 2022. (Id. at 8.) He submitted grievances regarding the nutritional content of his meals. He states, "the meals improved, but not enough." (Id.) He submitted additional

grievances, on August 15, 2022, August 28, 2022, September 1, 2022, September 8, 2022, September 28, 2022, October 8, 2022, October 7, 2022, and October 14, 2022, detailing the deficiencies of the food.  He states that based on his calculations and hunger level the diet lacked protein.  He alleges, Powers responded to every grievance with the same response.

Plaintiff alleges that California Code of Regulations, Title 15 § 1062(g) and California Penal Code § 4032 provide that, "'if a local detention facility offered video visitation only as of Jan. 1, 2017, the first hour of remote video visitation per week shall be offered free of charge." (Id. at 9.)  He states SPJ only offered video visitation during his stay but did not provide one free hour of video visitation per week.  Plaintiff submitted a grievance, informing SPJ administration that they were in violation.  Sergeant Winkler responded by explaining the schedule and that free visitation was only for in-person visitation.  Blair and Powers concurred with Winkler.

Plaintiff seeks a declaration that his rights were violated, compensatory and punitive damages in amounts to be determined, and costs associated with filing suit.  (Id. at 11.)

**III.     Does Plaintiff State a Claim under § 1983?**

At the outset, the court notes that plaintiff has failed to connect specific defendants to the alleged rights violations.  "Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participating in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

To the extent plaintiff claims that his rights were violated in this action based on responses to his grievances, he is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Further, the jail's grievance procedure does not provide substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.

////

5

### A. Lockdown

Plaintiff alleges that his rights were violated because he was contained on lockdown status at various times during his incarceration at SPJ depriving him of adequate out-of-cell exercise. (ECF No. 23 at 5-6.)

"The Fourteenth Amendment prohibits punishment of pretrial detainees." Demery v. Arpaio, 378 F.3d 1020, 1024 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Id. at 1029 (citing Bell, 441 U.S. at 538). Additionally, a pretrial detainee may not be subjected to disciplinary segregation as punishment for violation of jail rules and regulations without a hearing. See Mitchell v. Dupni, 75 F.3d 517, 524 (9th Cir. 1996).

In analyzing civil rights claims brought by pretrial detainees regarding their conditions of confinement, courts "properly rel[y] on the Due Process Clause rather than the Eighth Amendment . . . . Due process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). "[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment of convicted prisoners.'" Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) (quoting Demery, 378 F.3d at 1029)). "[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004).

Plaintiff alleges that it was difficult, but not impossible to exercise in his cell during the time period in question. (ECF No. 23 at 5-6.) "'[T]he Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates.'" Norbert v. City and County of San Francisco, 10 F.4th 918, 931 (2021) (quoting Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018)). Because plaintiff has indicated it was possible to exercise in his cell, the allegations fail to state a cognizable claim. Norbert, 10 F.4th at 929-30 (Indoor recreational opportunities may satisfy constitutional standards).

1    Additionally, plaintiff has not indicated if any reason was provided for the periods of
2    restriction.  Absent such facts, the court cannot determine whether the confinement was due to
3    legitimate concerns, such as institutional security, or if it was done with punitive intent.  "[L]ong-
4    term denial of *outside* exercise is unconstitutional."  LeMaire v. Maass, 12 F.3d 1444, 1458 (9th
5    Cir. 1993) (emphasis in original).  However, "[w]hether under the Eighth or Fourteenth
6    Amendments, [the Ninth Circuit has] not imposed a rigid requirement of outdoor exercise
7    regardless of the other opportunities for physical exercise that a correctional institution affords,"
8    Norbert v. City and County of San Francisco, 10 F.4th 918, 929 (9th Cir. 2021), and restrictions
9    on outdoor exercise based on security concerns do not violate the Constitution, see, e.g., LeMaire,
10   12 F.3d at 1458 (upholding long-term denial of outdoor exercise to prisoner posing serious
11   security risk who can exercise in his cell).  In any amended complaint, plaintiff should indicate
12   the reason, if any, provided for the time periods where plaintiff remained confined to his cell.
13       Moreover, plaintiff has not indicated which defendant or defendants were responsible for
14   the extended periods of in-cell confinement.  Any amended complaint must allege in specific
15   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983
16   unless there is some affirmative link or connection between a defendant's actions and the claimed
17   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
18   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, plaintiff has failed to allege a
19   cognizable claim based on his allegation that he was denied out of cell exercise.

   **B. Sleep Deprivation**

21   Plaintiff claims his rights were violated because staff would wake him up at 4:00 a.m. to
22   distribute medication.  (ECF No. 23 at 7.)
23   The Ninth Circuit has held, "if a particular condition or restriction of pretrial detention is
24   reasonably related to a legitimate governmental objective, it does not, without more, amount to
25   'punishment.'"  Bell, 441 U.S. at 539.  "[T]o constitute punishment, the harm or disability caused
26   by the government's action must either significantly exceed, or be independent of, the inherent
27   discomforts of confinement."  Demery, 378 F.3d at 1030.  "Conditions which result in chronic,
28   long term sleep deprivation may support a claim under the Eighth Amendment."  Matthews v.

1    Holland, No. 1:14-cv-01959 SKO (PC), 2017 WL 1093847 at *3 (E.D. Cal. Mar. 23, 2017).

2    However, in order to rise to the level of a constitutional violation, the sleep deprivation must be

3    sufficiently serious. See e.g., Chappell v. Mandeville, 706 F.3d 1052, 1057 (9th Cir. 2013) (sleep

4    disruption caused by continuous lighting may be a fourteenth amendment violation); Matthews v.

5    Holland, No. 1:14-cv-01859 SKO (PC), 2017 WL 1093847, at *3 (E.D. Cal. Mar, 23, 2017)

6    (extreme sleep deprivation where plaintiff was subjected to loud beeps in 5, 10, 15, and 20 minute

7    intervals, 24 hours a day, for over one year); Evans v. McDaniels, No. 3:09-cv-0319 LRH VPC,

8    2010 WL 2953986, at *3-4 (D. Nev. July 23, 2010) (sufficiently extreme deprivation of sleep

9    where plaintiff was subjected to constant noise from speakers and banging on pipes).

10         Plaintiff states he was awakened early each morning, but he has not alleged facts

11   indicating how many hours per night he was able to sleep or whether could have gone to sleep

12   earlier in light of medication distribution time. Because the Constitution only protects serious

13   deprivations, the complaint does not contain sufficient facts for the undersigned to find that the

14   complaint alleged a potentially cognizable claim. In any amended complaint, plaintiff should

15   make clear whether any conditions prevented him from going to sleep early enough to get

16   sufficient sleep in light of the 4:00 a.m. medication distribution.

17        **C. Meals**

18        Plaintiff states that based on his own calculations and hunger level he has determined that

19   the meal plan did not provide enough protein. (ECF No. 23 at 8.)

20        "Jail officials have a duty to ensure that detainees are provided adequate shelter, food,

21   clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185

22   (9th Cir. 2018). However, plaintiff has not alleged any facts that would indicate the food

23   provided was not adequate to maintain health, such as evidence he lost significant weight or

24   suffered from health issues. See LeMaire, 12 F.3d at 1456 (finding disciplinary diet served in

25   segregated housing unit provided adequate nutrition and calories for inmates). Accordingly, the

26   undersigned finds that the allegations are not sufficient to state a potentially cognizable claim.

27   ////

28   ////

### D. Visitation

Plaintiff claims his rights were violated because SPJ did not provide one free hour of video visitation as set forth in California Code of Regulations, Title 15 § 1062(g). (ECF No. 23 at 9.)

"Pretrial detainees have a right to be free from arbitrary or permanent limitations on visits with family members." Manning v. Ryan, 13 F.4th 705, 707 (8th Cir. 2021). Plaintiff has not alleged that lack of access to video visitation has prevented him from visiting with family members. Rather, he claims that the jail failed to provide one free hour of video visitation as set forth in California Code of Regulations, Title 15, § 1062(g). (ECF No. 23 at 9.) Such allegations are not sufficient to state a cognizable claim. Prasad v. Bolanos, No. 20-cv-08328-JST, 2021 WL 4267489 at *2 (N.D. Cal. Sept. 20 2021) (allegations regarding use of Smart Jail Mail Video Visiting System failed to state a cognizable claim because plaintiff could not show use of the system was imposed with the intent to punish).

Additionally, violation of state regulations does not automatically give rise to a constitutional violation. See Davis v. Kissinger, 2009 WL 256574, *12 n.4 (E.D. Cal. 2009) (There is no independent cause of action for a violation of Title 15 regulations.). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996). Accordingly, plaintiff's allegations regarding visitation do not state a cognizable claim.

### AMENDING THE COMPLAINT

As set forth above, the complaint fails to allege sufficient facts to state a claim. Plaintiff will be given leave to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION TO APPOINT COUNSEL**

Plaintiff has filed a motion requesting the appointment of counsel to represent him in this action. (ECF No. 17.)  In support of his motion, plaintiff argues that he is unable to afford counsel, the issues in this case are complex, the case will require discovery of documents and witness depositions, he has limited access to the law library, and he has no formal legal education. (Id. at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has cited nothing more than circumstances common to most inmates.  Accordingly, the undersigned will deny the motion without prejudice to its renewal at a later stage of the proceedings.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel (ECF No. 17) is denied without prejudice.
2. Plaintiff's second amended complaint (ECF No. 23) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

      Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

    4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  January 18, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mccl1740.scrn2+31